[No. 36162. Department One. April 19, 1962.]

AMERICAN UNIVERSAL INSURANCE COMPANY, *Appellant,* v. MILDRED RANSON, *Respondent.**

*Reported in 370 P. (2d) 867.

*Brethorst, Fowler, Bateman, Reed & McClure (J. Edwin Thonn*, of counsel), for appellant.

*Gordon, Goodwin, Sager & Thomas*, by *Richard J. Jensen*, for respondent.

WEAVER, J.—Plaintiff insurance company appeals from a summary judgment against it.

September 28, 1959, defendant's husband was struck and killed by an automobile driven by Charles W. Thompson, a minor soldier stationed at Fort Lewis, who was driving a borrowed automobile.

On this date, defendant and her husband were insured by policy No. ACF85798 issued by plaintiff. The insurance contract included an "uninsured motorist" endorsement that provided:

"I. Damages for Bodily Injury Caused by Uninsured Automobiles: To pay all sums which the insured· or his legal representative shall be legally entitled to recover as damages from the owner or operator of·an uninsured automobile

See Ann. 61 A. L. R. (2d) 344; Am. Jur., Pleading § 342.

because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury,' sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration, . . .";

and defined an "uninsured automobile" as:

" . . . (1) an automobile with respect to the ownership, maintenance or use of which there is no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile; . . ."

It appears that this type of insurance coverage is of recent origin. It is intended to provide financial recompense to innocent persons who are injured and to dependents of those who are killed because of the wrongful conduct of uninsured motorists.[1]

July 19, 1960, plaintiff insurance company commenced this action against the insured defendant and the American Arbitration Association, alleging: (a) that insured defendant had presented plaintiff a claim under the provisions of her policy, quoted *supra*; (b) that plaintiff rejected the claim on the ground it had reason to believe Charles W. Thompson (who caused the accident)

" . . . was an additional insured under an automobile liability insurance policy issued to his father, Laran [*sic.*] Thompson, by the State Farm Insurance Company . . .";

and (c) that, on request, defendant American Arbitration Association had initiated arbitration proceedings.

The complaint prayed that both defendants be enjoined from proceeding with the arbitration. See *Application of Phoenix Assurance Company of New York,* 9 App. Div. (2d) 998, 194 N. Y. S. (2d) 770 (1959).

---

[1]See annotation by B. Glenn: "Rights and liabilities under 'uninsured motorists' coverage." 79 A. L. R. (2d) 1252 (1961).

July 19, 1960 (the same day the complaint was filed), the trial court issued an order directing defendants to show cause why they should not be enjoined from proceeding with arbitration during pendency of this action.

The record does not disclose the disposition of the order to show cause; however, August 10, 1960, plaintiff filed an amended complaint eliminating the American Arbitration Association as a party. The amended complaint, in the nature of an action for declaratory judgment, alleges that the benefit of the "uninsured motorist" provision does not inure to defendant until she has established that Charles W. Thompson was uninsured at the time of the accident. Plaintiff prayed that the court adjudge it under no obligation to defendant until she "brings herself within the terms" of the policy; and that defendant be restrained from arbitration.

October 17, 1960, defendant filed a general denial. This general denial is confusing. By using it, defendant denies allegations necessary to sustain any claim she may have under her policy of insurance.

The principal issue presented by the pleadings is whether Charles W. Thompson was an *insured* or an *uninsured* motorist at the time of the accident. Fundamentally, this is a two-pronged question: the first of fact—was there in existence at the time of the accident a policy of liability insurance issued to the father of Charles W. Thompson that purported to extend coverage to Charles W. Thompson; the second of law (assuming such a policy exists)—do the facts and circumstances of Charles W. Thompson's status at the time of the accident support a conclusion that he was covered by the policy?

March 16, 1961, defendant moved for a summary judgment adjudging ". . . Charles W. Thompson . . . was at the time of the accident on September 29 [*sic*—28], an uninsured motorist . . ."

April 10, 1961, the court entered a "Pre Trial Order" granting defendant's motion and adjudging

". . . that Charles W. Thompson was at the time of the collision herein an uninsured motorist within the terms of the endorsement to the insurance contract of the plain-

tiff, policy number ACF 85798, referred to in plaintiff's amended complaint; provided however that the plaintiff shall have until April 17, 1961 to supply, furnish and file documentary proof of the existence of the policy of insurance claimed by the plaintiff covering persons injured by Charles W. Thompson in the operation of the automobile in question on September 29 [*sic*—28], 1959."

The record does not disclose when plaintiff filed the affidavit of John H. Hamblin, to which we will refer later. It is dated April 6, 1961, prior to the "Pre Trial Order," but was received by counsel for defendant on April 17, 1961, subsequent to the "Pre Trial Order."

It is from the summary judgment, dated April 24, 1961 (granted on defendant's motion of March 16, 1961), that this appeal is prosecuted. The judgment recites that the court

" . . . examined the pleadings and evidence presented, including the affidavit of John H. Hamblin and the certified copies of interrogatories and answers to interrogatories from Pierce County Cause Number 145247 [not this action]."

The judgment further determines

" . . . that Charles W. Thompson was at the time of the collision herein an *uninsured motorist* within the terms of the endorsement to the insurance contract of the plaintiff, policy number ACF 85798 [issued to defendant], . . ." (Italics ours.)

and dismisses plaintiff's amended complaint with prejudice.

To reach this conclusion, the trial court would have had to find (a) that the father of Charles W. Thompson did not have an insurance policy that extended coverage to additional insureds—a question of fact—or (b) that the circumstances of Charles W. Thompson's status at the time of the accident did not support the conclusion that he was insured by his father's policy.

 In an appellate review of a summary judgment entered pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment. The matters

considered may be certified to this court by either of two methods, or a combination of them. First, they may be incorporated in a statement of facts certified by the trial court; second, they may be identified with particularity in the summary judgment signed by the trial court and then furnished to this court by transcript certified by the clerk of court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. We must have before us the precise record—no more and no less—considered by the trial court. The court may consider, of course, those matters which it may notice judicially.

In oral argument before this court, counsel directed our attention to the case of *American Universal Ins. Co.,* plaintiff v. *Charles Wesley Thompson,* defendant, and *State Farm Mut. Ins. Co.,* garnishee defendant (Pierce County cause No. 145247), in which it is claimed that another department of the Superior Court for Pierce County held Charles W. Thompson to be an *insured motorist* on September 28, 1959, under the terms of a policy issued by State Farm Mutual Insurance Company to his father, Loren S. Thompson. The trial court could not judicially notice cause No. 145247 because it was not "engrafted, ancillary, or supplementary" to this action. *Swak v. Department of Labor & Industries,* 40 Wn. (2d) 51, 240 P. (2d) 560 (1952), and cases cited. Although that case is now on appeal to this court (No. 36411), we cannot judicially notice the judgment for the above reason. *Swak v. Department of Labor & Industries, supra.*

The burden is upon the party moving for a summary judgment to show that there is no genuine dispute of a material fact and this burden cannot be shifted to the adversary, irrespective of whether he or his opponent would, at the trial, have the burden of proof on the issue concerned. *Rossiter v. Moore, ante* p. 722, 370 P. (2d) 250 (1962), and authorities cited; *Preston v. Duncan,* 55 Wn. (2d) 678, 349 P. (2d) 605 (1960), and authorities cited.

In support of her motion for summary judgment,

defendant submitted the deposition of Charles Wesley Thompson, who testified that his father carried automobile liability insurance with State Farm Mutual Insurance Company. He further testified:

"Q. Do you know whether when you were living at home prior to the army whether the policy included you? A. Yes, Sir. Q. You were covered under this policy? A. Yes. . . . Q. Now, when you went in the army, what happened? A. My father dropped it. He just—I don't know, I mean, when I went home, I believe it was in August, he told me that my policy was—I didn't have none. That is as far as I know."

Plaintiff filed an affidavit of John H. Hamblin, an independent insurance adjuster in California, in which he stated that he had examined the records of an insurance agency in California; that the records disclosed that the State Farm Mutual Insurance Company had issued a policy of insurance to Loren S. and Madge Thompson (parents of Charles Wesley Thompson); that the policy included coverage for bodily injury, liability, and property damage incurred by the named insureds and certain specified additional insureds, and "covered a period which included the month of September, 1959."

The aforegoing, we believe, is sufficient to raise a genuine issue of a material fact, under Rule of Pleading, Practice and Procedure 56, that can be decided only by trial—not by summary judgment.

The summary judgment is reversed, and the case remanded for trial on the merits. Costs on appeal will abide final determination of the cause. Rule on Appeal 55 (b) (1), RCW Vol. 0.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.