[No. 121-3.     Division Three.     May 19, 1971.]

JEWEL M. BARNES, *as Administratrix, Appellant,* v. CENTRAL WASHINGTON DEACONESS HOSPITAL, INC., *et al.,*
*Respondents.*

*R. R. Bob Greive* (of *Greive & Law*), for appellant.

*Garfield R. Jeffers* (of *Hughes, Jeffers & Jeffers*), for respondent Central Washington Deaconess Hospital, Inc.

*William H. Mays* (of *Gavin, Robinson, Kendrick, Redman & Mays*), for respondents Cadman et al.

GREEN, J.—On July 5, 1967, Anthel E. Barnes was involved in an accident resulting in his admission to the Central Washington Deaconess Hospital in Wenatchee under the care of Drs. Edward F. Cadman, Burton Gowing and Lloyd H. Smith. The next day he died. Plaintiff Jewel M. Barnes brought this action on behalf of her husband's estate, alleging the death resulted from the negligence of the defendants' hospital and physicians. From a verdict for defendants, plaintiff appeals.

Trial began in Wenatchee on June 23, 1969 and concluded on July 18, 1969. On July 9, the 12th day of trial, a newspaper article entitled "Malpractice Suits Add to Rising Medical Costs" appeared in the Wenatchee Daily World. The article was written by an Associated Press science writer, and the caption by the Wenatchee Daily World. On the morning of July 10, out of the presence of the jury, plaintiff's counsel stated:

> I have a very serious matter to take up with the court. I have not seen the newspaper article, but the Daily World ran an article yesterday about malpractice cases and how insurance rates have gone up, how difficult it is to get insurance and how lawyers get a half or a third of all recoveries. I am serving notice that if this case is not to my satisfaction, that is going to be a basis for appeal. I charge that this is a deliberate attempt on the part of the medical community to reach the jury.

On July 11, the newspaper article having been made a part of the record, plaintiff moved for a mistrial "on the basis of the newspaper article." This motion was denied with leave to present any other matters pertaining to the article not then in the record and with the suggestion counsel submit appropriate instructions covering the article.

The statement of facts on appeal is limited to a copy of the newspaper article, discussions between court and counsel as to the article, together with posttrial colloquy and jurors' affidavits in support of a motion for new trial. None of the testimony or exhibits are part of the record on appeal.

■ First, plaintiff assigns error to the trial court's giving of instruction No. 6 and its refusal to give plaintiff's requested instruction No. 13. Both instructions are cautionary in nature. The statement of facts fails to include all of the instructions given by the court as required by CAROA 34(8); court instruction No. 6 and plaintiff's proposed instruction No. 13 are the only instructions included in the statement of facts. In *Popovich v. Department of Labor & Indus.*, 66 Wn.2d 908, 909, 406 P.2d 593 (1965), the court said:

> It has long been the rule, from which we have not deviated, that when error is predicated upon a jury instruction given, or upon instructions requested and refused, that *all* instructions given by the trial court and those requested and refused concerning which error is assigned must be included in the *statement of facts.* [Citing cases.]

In view of the foregoing rule, this assignment of error cannot be considered.

■ Second, error is assigned to the trial court's denial of plaintiff's motion for mistrial and its refusal to grant a new trial. The granting of a motion for mistrial, as well as for a new trial, is discretionary with the trial court. *Anderson v. Dobro,* 63 Wn.2d 923, 928, 389 P.2d 885 (1964).

At the time of plaintiff's motion for mistrial, the court had before it only the fact of publication of the article. The article made no reference to the instant proceeding then in progress in the superior court. No other facts were before the court. In these circumstances we find no abuse of discretion in denying the motion for mistrial.

Following the verdict, plaintiff filed a motion for new trial. Affidavits of three jurors who were subscribers to the Wenatchee Daily World were subsequently filed in support of the motion. One juror stated she had occasion to read the article "which I thought was very timely"; another juror stated she did not see the article but "some of the women did and mentioned the article to me saying this suit would raise doctors' costs and medical costs and hospital costs";

and the last juror stated she read the article. The last juror also stated the article "had nothing to do with my decision"; but, since this comment inhered in the verdict it cannot be considered. *O'Brien v. Seattle,* 52 Wn.2d 543, 547, 327 P.2d 433 (1958).

Plaintiff contends she was denied a fair and impartial trial because certain members of the jury read the article. The article in question contained no reference to the instant trial. The trial judge had the benefit of seeing and hearing all of the witnesses and evidence, none of which is available to this court on appeal. Not having the same record, this court cannot weigh the impact of the article upon the ultimate result reached by the jury. Therefore, we are unable to find the trial court abused its discretion in denying the motion for new trial.

The ultimate thrust of plaintiff's contention is that the mere publication of an article in a newspaper, making no specific reference to a case on trial but dealing with its general subject matter, which is read by jurors is ipso facto grounds for a new trial. We are unable to reach this conclusion. The cases cited by plaintiff in its brief are cases[1] where the news articles in question commented specifically on the case then on trial and are therefore distinguishable.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.

[1]*Bellows Falls Village Corp. v. State Highway Bd.,* 123 Vt. 408, 190 A.2d 695 (1963); *Cote v. Rogers,* 201 Cal. App. 2d 138, 19 Cal. Rptr. 767 (1962); *Bridges v. California,* 314 U.S. 252, 86 L. Ed. 192, 62 S. Ct. 190, 159 A.L.R. 1346 (1941); *Morse v. Montana Ore-Purchasing Co.,* 105 F. 337 (Mont. 1900).