[No. 42189.     En Banc.     May 18, 1972.]

JOHN HARRIS et al., *Appellants*, v. RONNIE L. KUHN et al., *Respondents*.

*John A. Rorem*, for appellants.

*Gordon, Thomas, Honeywell, Malanca, Peterson, O'Hern & Johnson*, by *Albert R. Malanca* and *Joe Gordon, Jr.*, for respondent.

STAFFORD, J.—On January 19, 1970, defendant, Ronnie L. Kuhn, was driving on Interstate 5 near Tacoma when his automobile went out of control and struck a sign post. He

suffered a head injury that rendered him unconscious for approximately 5 days.

He was taken by ambulance to the Lakewood General Hospital for emergency treatment. Although he was unconscious, it was necessary to strap him to the operating table in the emergency room because he was thrashing about violently. The straps controlled his body and legs, but his arms were left free. Two doctors, assisted by the head nurse and an aide, Mrs. Harris (the plaintiff), attempted to treat his injuries. Mrs. Harris will be referred to hereafter as the sole plaintiff.

As plaintiff assisted one doctor to insert a needle into the unconscious defendant's right arm, defendant broke the other doctor's grasp on his left arm and grabbed plaintiff's right hand, injuring it. Plaintiff's injury precipitated this action.

Prior to trial, by stipulation of all counsel, defendant's insurance carrier moved for a declaratory judgment to determine its liability under the terms of defendant's automobile insurance policy. The trial court granted a summary judgment absolving the insurance carrier of all liability thereunder.

Although the basic action between plaintiff and defendant remains intact, the summary judgment has been appealed by plaintiff.

■ Our review of the case discloses that plaintiff has not provided this court with a complete record of proceedings in the trial court. This is necessary for a proper consideration of assignments of error directed to the granting of the summary judgment. We said in *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 815, 370 P.2d 867 (1962):

> In an appellate review of a summary judgment entered pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0 [now listed as CR 56], this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment. The matters considered may be certified to this court by either of two methods, or a combination of them. First, they may be incorporated in a statement of

facts certified by the trial court; second, they may be identified with particularity in the summary judgment signed by the trial court and then furnished to this court by transcript certified by the clerk of [the] court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. *We must have before us the precise record—no more and no less—considered by the trial court.*

(Italics ours.)

The findings of fact, conclusions of law and summary judgment indicate that the following matters were considered by the trial court, but are not before us:

(1) The basic pleadings between plaintiff and defendant. Any attempt to reconstruct their contents would require pure speculation on our part.

(2) The stipulation, between all parties, that insurance coverage should be determined by declaratory judgment. Any attempt to consider the nature of the stipulation and the issues framed thereby would require pure speculation on our part.

(3) Exhibits mentioned in the findings of fact. None are before this court.

(4) The insurance policy involved herein, or such parts thereof as were presented to the trial court for consideration are missing.

(5) Affidavits of counsel are mentioned in the findings of fact. None have been presented to this court.

As indicated in *Ranson*, on appellate review we must have before us the precise record considered by the trial court. Inasmuch as plaintiff has failed to provide us with that record, we are unable to determine whether the trial court committed error.

The trial court must be affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, WRIGHT, and UTTER, JJ., concur.

Petition for rehearing denied June 23, 1972.