[No. 1003-1.     Division One—Panel 2.     July 3, 1972.]

TRANSAMERICA INSURANCE COMPANY, *Respondent,* v.
PARKER HENRY GLASS COMPANY, *Appellant.*

*Hullin, Roberts, Mines, Fite & Riveland, Michael Mines,* and *Dennis G. Opacki,* for appellant.

*Reed, McClure, Moceri & Thonn, Roy J. Moceri,* and *William R. Hickman,* for respondent.

FARRIS, A.C.J.—Transamerica Insurance Company insured C. Hopkins & Associates, a general contractor whom Bud Meadows Pontiac, Inc. hired to build an automobile

showroom. Hopkins hired Parker Henry Glass Company, a subcontractor, to install glass in the showroom. Parker Henry made the installation according to specifications approved by the project architect.

Approximately 7 months after the glass was installed, two parties received bodily injuries when they walked into the glass windows. Bud Meadows, as defendant in the lawsuits instituted by the injured parties, impleaded Hopkins as a third-party defendant. Hopkins asked Parker Henry to defend these lawsuits, but Parker Henry refused. Transamerica brought this action to recover from Parker Henry legal fees expended in defending Hopkins from the two lawsuits.[1] The trial court granted summary judgment for Transamerica and Parker Henry appeals.

This appeal presents a single question: Did an indemnity agreement entered into between Transamerica and Parker Henry prior to the installation of the glass obligate Parker Henry to defend against actions which occur after the completion of its work and which are not the result of any wrongdoing on Parker Henry's part? The trial court answered the question in the affirmative. We disagree.

The issue turns on the specific language of the indemnity clause, which provided:

> It is the sub-contractor's [Parker Henry] responsibility to carry adequate liability and insurance coverage for personal and property damage and loss of life and he may be called upon before starting work or any time during the job to show proof of coverage in the amount of $25,000.00 for each type risk or more if provided for above. All state and federal labor insurances are to be carried and any loss, claim, lien or damage suit against the General Contractor [C. Hopkins] for actions of this sub-contractor [Parker Henry] is to be defended by him [Parker Henry] and he to hold the General Contractor [C. Hopkins] free of all blame, defense and legal fees, and damages resulting from the action.

If the accident had occurred while the glass was being

---

[1] A motion to dismiss Hopkins as a defendant, made on the first day of trial, was granted.

installed, there would be no question of Parker Henry's obligation to defend under the indemnity clause. However, the contract is silent regarding the duration of Parker Henry's liability to defend. This absence of a limit on the duration of Parker Henry's liability creates an ambiguity in the contract.

■ Two principles govern ambiguities in indemnity contracts: "[T]he indemnitor is entitled to have his undertaking strictly construed, particularly in those cases in which the agreement was prepared by the indemnitee, . . ." *Tyee Constr. Co. v. Pacific Northwest Bell Tel. Co.*, 3 Wn. App. 37, 41, 472 P.2d 411 (1970). "[T]he doubt created by the ambiguity will be resolved against the one who prepared the contract. *Sunset Oil Co. v. Vertner*, 34 Wn.2d 268, 208 P.2d 906 (1949); *Foss v. Golden Rule Bakery*, 184 Wash. 265, 51 P.2d 405 (1935)." *Felton v. Menan Starch Co.*, 66 Wn.2d 792, 797, 405 P.2d 585 (1965).

Indemnity contracts should not be interpreted so narrowly as to frustrate their obvious purpose, nor should they be interpreted so loosely as to relieve the obligor from a bargained-for liability. They should be construed to facilitate, rather than defeat, the purpose for which they were executed. *Continental Cas. Co. v. Municipality of Metropolitan Seattle*, 66 Wn.2d 831, 405 P.2d 581 (1965); *National Bank v. Aetna Cas. & Sur. Co.*, 161 Wash. 239, 296 P. 831 (1931); *Northern Pac. Ry. v. National Cylinder Gas Div.*, 2 Wn. App. 338, 467 P.2d 884 (1970).

The purpose of the indemnity contract here was the protection of Hopkins during the period of construction. This purpose can be seen from paragraph 9, which provides that the subcontractor "may be called upon before starting work or any time during the job to show proof of coverage . . ." It reasonably follows, and we so hold, that the obligation to defend ended with the completion of the job.

■ Transamerica moved to dismiss this appeal on the grounds that the transcript certified by the clerk of the court did not contain the briefs of counsel which were presented to the superior court on the motion for summary

judgment. The briefs of counsel, although before the court below, are not indispensable elements of the record on appeal in every case; that motion is denied. *See Sardo v. McGrath,* 196 F.2d 20 (D.C. Cir. 1952); *Black & Yates, Inc. v. Mahogany Ass'n,* 129 F.2d 227 (3d Cir. 1942).

In so ruling we do not ignore *Harris v. Kuhn,* 80 Wn.2d 630, 632, 497 P.2d 164 (1972) wherein the court stated:

As indicated in *Ranson* [*American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962)], on appellate review we must have before us the precise record considered by the trial court. Inasmuch as plaintiff has failed to provide us with that record, we are unable to determine whether the trial court committed error.

Reversed.

JAMES and SWANSON, JJ., concur.

Petition for rehearing denied October 31, 1972.