[No. 2055-1.    Division One.    July 1, 1974.]

JAMES D. CLARK *et al., Appellants,* v. TACOMA HOUSING AUTHORITY, *Respondent.*

*Healy & Godderis* and *William N. Goodwin, Jr.,* for appellants.

*Davies, Pearson, Anderson, Gadbow & Hayes, P.S.,* and *Larry E. Levy,* for respondent.

PER CURIAM—Sharon Clark was bitten by a dog owned by a third party while she was on premises leased to that party (or another) by the Tacoma Housing Authority. She brought action against the Tacoma Housing Authority and the City of Tacoma to recover for her personal injury. The defendants moved for summary judgment which was granted. She appeals; we affirm.

The trial court held that under the facts of the matter (1) there was no common-law liability of the landlord for injury to the tenant as the result of a dangerous animal, and (2) under RCW 35.82.010, *et seq.,* there was no duty on the part of the Housing Authority to provide safe and sanitary housing to protect the tenants from dangerous animals.

In *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 815, 370 P.2d 867 (1962), the Supreme Court held:

> In an appellate review of a summary judgment entered pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment. The matters considered may be certified to this court by either of two methods, or a combination of them. First, they may be incorporated in a statement of facts certified by the trial court; second, they may be identified with particularity in the summary judgment signed by the trial court and then furnished to this court by transcript certified by the clerk of court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. We must have before us the precise record—no more and no less —considered by the trial court. The court may consider, of course, those matters which it may notice judicially.

These requirements were repeated in *Harris v. Kuhn*, 80 Wn.2d 630, 632, 497 P.2d 164 (1972) and *Raabe v. Coy*, 2 Wn. App. 161, 467 P.2d 326 (1970).

Here, the Clarks filed a transcript certified by the clerk of the Superior Court instead of a statement of facts. The order granting summary judgment does not identify what was considered by the trial court in reaching its ruling and there is nothing before us to supply that information. We cannot determine whether all of the pleadings, depositions and affidavits considered by the trial court are in the transcript, nor can we determine which of those that are included were considered. The record is insufficient to permit appellate review.

Affirmed.

Petition for rehearing denied August 22, 1974.

Review denied by Supreme Court October 11, 1974.