[No. 5097–1.   Division One.   May 22, 1978.]

GORDON W. MILLIKAN, ET AL, *Appellants,* v. BOARD
OF DIRECTORS OF EVERETT SCHOOL DISTRICT
NO. 2, ET AL, *Respondents.*

*Cogdill & Deno* and *Kent Millikan,* for appellants.

*Perkins, Coie, Stone, Olsen & Williams* and *Bruce D. Corker,* for respondents.

WILLIAMS, J.—This is an appeal from a summary judgment. The record consists of 295 pages of clerk's papers ordered by appellants, a partial verbatim report of proceedings containing the trial court judge's oral decision, and a verbatim report of proceedings containing argument and the trial court judge's decision on appellants' motion for reconsideration. Neither report tells what matter the court had before it when arriving at its decision, and neither appears to have been submitted to the trial court judge as required by RAP 9.5.

■ We are unable to consider the appeal because there is no way of ascertaining upon what part of the record the summary judgment is based. The record considered by the trial court judge was not identified with particularity in the summary judgment, nor was it incorporated in a report of proceedings. As we said in *Gaupholm v. Aurora Office Bldgs., Inc.*, 2 Wn. App. 256, 257, 467 P.2d 628 (1970):

> *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962), and *Kataisto v. Low*, 73 Wn.2d 341, 438 P.2d 623 (1968) clearly state the rule that an appellate court may only examine the record which was before the trial court; no more, no less. This record is identified and submitted in one of two ways: either by incorporation in the statement of facts, or by identifying the matter with particularity in the summary judgment and including it in the transcript. Appellants have done neither.

See also *Jacobsen v. State*, 89 Wn.2d 104, 569 P.2d 1152 (1977); *Harris v. Kuhn*, 80 Wn.2d 630, 497 P.2d 164 (1972); *Parsons Travel, Inc. v. Hoag*, 18 Wn. App. 588, 570 P.2d 445 (1977); *Clark v. Tacoma Housing Authority*, 11 Wn. App. 518, 523 P.2d 1200 (1974).

RAP 9.10 establishes liberal provisions for adding to an inadequate record, if a party has made a good faith effort to provide a complete one. The comment to the rule states in part that:

> Errors in judgment will not be penalized by dismissal of the case. If a decision on the merits requires study of additional parts of the record, the court will request the additional materials. Prior law to the contrary is superseded. Compare *Harris v. Kuhn*, 80 Wn.2d 630, 497 P.2d 164 (1972); *Tunget v. Employment Security Dep't.*, 78 Wn.2d 954, 481 P.2d 436 (1971); *Barnes v. Central Wash. Deaconess Hosp.*, 5 Wn. App. 13, 485 P.2d 85 (1971).

However, in this case no effort has been made to identify the precise record that was before the trial court. As was said in *Jacobsen v. State, supra* at 112:

> It is the responsibility of an appellant to furnish this court with the precise record considered by the trial court in order for us to properly review error directed to the

granting of a motion for summary judgment. *Harris v. Kuhn,* 80 Wn.2d 630, 631–32, 497 P.2d 164 (1972); *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 815, 370 P.2d 867 (1962). Therefore, we will not consider this complaint further.

In any event, the most that can be gleaned from the record presented is that Millikan and Petersen are complaining about administrative actions of the board concerning methodology of teaching and student participation in course selection. These questions are not for judicial determination. *Citizens Against Mandatory Bussing v. Palmason,* 80 Wn.2d 445, 495 P.2d 657, 50 A.L.R.3d 1076 (1972); *Lane v. Ocosta School Dist. 172,* 13 Wn. App. 697, 537 P.2d 1052 (1975).

The appeal is dismissed.

CALLOW and RINGOLD, JJ., concur.

Reconsideration denied August 22, 1978.

Review granted by Supreme Court December 14, 1978.