[No. 45771. En Banc. May 24, 1979.]

GORDON W. MILLIKAN, ET AL, *Petitioners,* v. BOARD OF DIRECTORS OF EVERETT SCHOOL DISTRICT No. 2, ET AL, *Respondents.*

*Cogdill, Deno & Millikan* and *Kent Millikan,* for petitioners.

*Perkins, Coie, Stone, Olsen & Williams,* by *Bruce P. Corker,* for respondents.

WRIGHT, J.—Gordon Millikan and Robert Petersen, petitioners, instituted this action to enjoin alleged unconstitutional interference by the Everett School District Board of Directors (Board) with the method by which they teach high school history classes. On appeal from the Board's adverse decision on petitioners' grievance, the Snohomish County Superior Court granted the Board's motion for summary judgment. The Court of Appeals, Division One, dismissed the appeal on the ground petitioners failed to have the trial judge specifically designate the documents he considered in ruling on the motion for summary judgment. We reverse.

The Court of Appeals applied the rule of *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 370 P.2d 867 (1962). There, at page 816, we explained the manner of and reason for specifying on appeal the matters considered in ruling on a motion for summary judgment:

First, they may be incorporated in a statement of facts certified by the trial court; second, they may be identified with particularity in the summary judgment signed by the trial court and then furnished to this court by transcript certified by the clerk of court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. We must have before us the precise record—no more and no less—considered by the trial court.

■ In the instant case petitioners' counsel sincerely and justifiably believed that certification was unnecessary because that requirement was based on cases construing ROA I–37, which is no longer in effect. The new rules on appeal applicable here do not include the certification requirement. Nevertheless, we hold a trial court still should certify the matters relied upon in ruling on a motion for summary judgment.

■ Although we hold the *Ranson* requirements are still valid, the dismissal was error. In 1976, we promulgated RAP 1.2, which reads in part:

> **(a) Interpretation.** These rules will be liberally interpreted to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands . . .
>
> . . .
>
> **(c) Waiver.** The appellate court may waive or alter the provisions of any of these rules in order to serve the ends of justice . . .

We agree with petitioners that the dismissal of the instant case violated RAP 1.2. Subsection (a) states that cases will not be determined based on compliance with the rules except in "compelling circumstances where justice demands". No compelling circumstances justified dismissal of the instant case.

In addition, the dismissal was contrary to *King County Republican Central Comm. v. Republican State Comm.*, 79 Wn.2d 202, 484 P.2d 387 (1971), a case which illustrates the flexibility RAP 1.2 requires. There respondent King County

Republican Central Committee moved for dismissal of the appeal on the same ground argued herein. We held the trial court's supplemental certificate filed before oral argument verified that the transcript represented the precise record considered in ruling on the cross motions for summary judgment. We said in part at page 208:

> Under these circumstances, we find no discernible or practical prejudice flowing to respondent, no unfairness to the trial judge, and no inconvenience to this court as a result of the belated certification of the record.

We also found that the reason for the *Ranson* rule—ensuring that only the matters considered in the summary judgment ruling are before the court—had been met.

Herein, we also conclude that a short delay should not prejudice the respondents, cause unfairness to the trial court, or significantly inconvenience the appellate court. All documents before the trial court were before the Court of Appeals.

The judgment of dismissal of the Court of Appeals is reversed. The trial court is directed to certify by supplemental certificate and indicate the precise matters considered in ruling on the motion for summary judgment. Due to the public importance of this case, it will be retained by this court for consideration on the merits at an appropriate time after the supplemental certificate has been received by this court.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.