[No. 4941–8–III. Division Three. April 21, 1983.]

RICHARD PADRON, *Appellant,* v. GOODYEAR TIRE & RUBBER COMPANY, ET AL, *Respondents.*

*Eugene G. Schuster* and *Critchlow & Williams,* for appellant.

*Douglas Takasugi, James M. Danielson, Jeffers, Danielson, Sonn & Aylward, Timothy Weaver,* and *Hovis, Cockrill & Roy,* for respondents.

MUNSON, J.—Richard Padron appeals a summary judgment dismissing his personal injury claim. We affirm.

In 1973, Waterwest, a farming enterprise, purchased a John Deere tractor from Snead Tractor, Inc., a John Deere dealer. The invoice evidences this particular tractor came from the factory with 15–inch Firestone tires on the front wheels. There is no evidence of any alterations being made at Snead Tractor prior to delivery of the tractor to Waterwest. Approximately 1 to 2 years after purchasing the tractor, Waterwest acknowledges it changed the front wheels and tires. In March of 1977, Mr. McConkie, a partner in Waterwest, discovered one of the tires was not holding air and had slipped off the rim. He took the tire and wheel to Jim Barney Tire Center for repair. Mr. McConkie states in

his affidavit and deposition that he explained to an employee of Jim Barney that the tire had come off the bead, the wheel had a dent in it and asked if the tire could be mounted. It is not clear to whom Mr. McConkie made the statement; in any event, Mr. Padron was given the tire and wheel to repair. While Mr. Padron was airing the tire, it exploded, causing physical injury to his hands and wrists. The tire that exploded was a Goodyear 15-inch multiple rib tire.

On March 12, 1980, Mr. Padron filed a complaint naming Goodyear Tire and Rubber Company, John Deere, Snead Tractor and Waterwest as defendants. All defendants moved for and were granted summary judgments. Mr. Padron appeals. Goodyear was dismissed during the pendency of this appeal.

Mr. Padron contends the record presented questions of fact which should not have been resolved as a matter of law; therefore, the court erred in granting summary judgment dismissing all the defendants. We disagree.

One of the important functions of the summary judgment procedure is the avoidance of long and expensive litigation productive of nothing. *Mark v. Seattle Times,* 96 Wn.2d 473, 484, 635 P.2d 1081 (1981). Summary judgment may be granted if the pleadings, affidavits, depositions and admissions properly before the court fail to show there is a genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. CR 56(c). In ruling on a motion for summary judgment, the court must consider the material evidence and all reasonable inferences therefrom in favor of the nonmoving party. *Klinke v. Famous Recipe Fried Chicken, Inc.,* 94 Wn.2d 255, 256, 616 P.2d 644 (1980); *Millikan v. Board of Directors,* 93 Wn.2d 522, 532, 611 P.2d 414 (1980). The motion should be granted only if reasonable men could reach but one conclusion from all the evidence. *Barrie v. Hosts of Am., Inc.,* 94 Wn.2d 640, 642, 618 P.2d 96 (1980).

### Defendant John Deere and Company

Mr. Padron contends John Deere mounted 15-inch tires on 16-inch wheels at its factory and therefore is liable under Restatement (Second) of Torts § 402A (1965),[1] strict liability. We disagree.

To establish a prima facie case under section 402A, the plaintiff must show a defect (1) either in the design or manufacture, (2) existed at the time the product left the manufacturer, (3) was not contemplated by the user, (4) rendered the product unreasonably dangerous or not reasonably safe and (5) was the proximate cause of plaintiff's injury. *Bich v. General Elec. Co.*, 27 Wn. App. 25, 28, 614 P.2d 1323, 10 A.L.R.4th 842 (1980); *Lamon v. McDonnell Douglas Corp.*, 19 Wn. App. 515, 521, 576 P.2d 426 (1978), aff'd, 91 Wn.2d 345, 588 P.2d 1346 (1979); *Potter v. Van Waters & Rogers, Inc.*, 19 Wn. App. 746, 751, 578 P.2d 859 (1978). The plaintiff must offer admissible evidence establishing each of these elements. *Potter v. Van Waters & Rogers, Inc.*, supra at 752. Also, the plaintiff may be barred from recovery if the product underwent a substantial change in its condition after leaving the manufacturer. *Bich v. General Elec. Co.*, supra at 29; Restatement (Second) of Torts § 402A(1)(b), comment p, at 357 (1965).

The record shows the tractor was assembled at the factory with Firestone tires. The tire that exploded was a Goodyear tire. Mr. McConkie testified he had the front wheels and tires changed on the tractor about a year after it was purchased. Obviously, the tractor underwent a substantial change in condition after leaving the manufacturer,

---

[1]Restatement (Second) of Torts § 402A provides:

"Special Liability of Seller of Product for Physical Harm to User or Consumer.

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold."

John Deere. Therefore, the court did not err in dismissing John Deere.

## Snead Tractor, Inc.

Mr. Padron contends Snead Tractor is liable because it allegedly failed to inspect carefully or at all the tractor for defects. We disagree. The seller must have some reason to know a product he is selling is likely to be dangerously defective before a duty to inspect or test can be imposed on him. *Martin v. Schoonover,* 13 Wn. App. 48, 55, 533 P.2d 438 (1975). Furthermore, the duty to inspect or test for defects lies with the manufacturer rather than the retailer. *Martin v. Schoonover, supra* at 55; *Dobias v. Western Farmers Ass'n,* 6 Wn. App. 194, 200, 491 P.2d 1346 (1971). The record evidences the tractor was sold with Firestone tires on it. Summary judgment was properly granted.

## Defendant Waterwest

First, Mr. Padron contends Waterwest was negligent because the tire explosion and subsequent injury to him was a reasonably foreseeable result of mounting a 15–inch tire on a 16–inch wheel and if the tire was replaced "one may only surmise Waterwest replaced the tire." This argument is without merit. A party may not rely on speculations or assertions not supported by the evidence. Mr. Padron has not only failed to produce any evidence Waterwest mounted a 15–inch tire on a 16–inch wheel, but also that the explosion was a foreseeable result thereof. Assuming this assertion is a fact, there is no showing Waterwest had a duty to communicate this fact to Mr. Padron.

Lastly, Mr. Padron contends Waterwest negligently drove the tractor with a flat tire. This argument fails. There is no evidence Waterwest drove the tractor with a flat tire. *Harris v. Kuhn,* 80 Wn.2d 630, 632, 497 P.2d 164 (1972). The court did not err in dismissing Waterwest.

Affirmed.

Roe, C.J., and McInturff, J., concur.

Reconsideration denied May 6, 1983.

Review denied by Supreme Court July 19, 1983.