
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| BRETT E. BURRIS, an individual, | ) | No. 38344-0-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES and DAWN PETTY, husband | ) | |
| and wife; MARC J. MUELLER, an | ) | |
| individual; and MUELLER | ) | UNPUBLISHED OPINION |
| JACKHAMMER, INC., a Washington | ) | |
| corporation, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| JOHN and SANDRA WEISE, husband | ) | |
| and wife; and C&R EXCAVATING & | ) | |
| DEMO, INC., a Washington corporation, | ) | |
| | ) | |
| Respondents. | ) | |

PENNELL, J. — Brett Burris appeals an adverse summary judgment order dismissing his trespass and related claims against John and Sandra Weise and the Weises' company, C&R Excavating & Demo, Inc. We reverse and remand for further proceedings.

FACTS

Brett Burris owns a residential rental property in Spokane, Washington. A neighboring property is owned by Charles and Dawn Petty. In late 2018, the sewer line shared by the Petty and Burris properties became blocked by tree roots, causing raw sewage to back up into the Pettys' home. The Pettys hired Mueller Jackhammer, Inc., owned by Marc Mueller, to repair the sewer line. In order to make the repairs, it was necessary to excavate some of Mr. Burris's property, including removal of a portion of his driveway. Mr. Burris did not give the Pettys permission to enter onto his property to perform any work.

The sewer line repair also necessitated machinery not possessed by Mueller Jackhammer so Mr. Mueller reached out to his friend and former colleague, John Weise. Mr. Weise allowed Mr. Mueller to borrow a Bobcat tractor owned by C&R Excavating & Demo, Inc., Mr. Weise's company. The project lasted a few days, during which time some excavation occurred on Mr. Burris's property and part of his driveway was removed.

Mr. Burris subsequently initiated an action in Spokane County Superior Court against Charles and Dawn Petty, Marc Mueller, Mueller Jackhammer, Inc., John and Sandra Weise, and C&R Excavating & Demo, Inc. (C&R). In his complaint, Mr. Burris

alleged the following causes of action related to unauthorized work performed on his property: (1) negligence, (2) intentional trespass, (3) negligent trespass, (4) statutory trespass/waste, (5) trespass, and (6) nuisance.

The Weises and C&R moved for summary judgment, claiming Mr. Burris lacked evidence showing either Mr. Weise or C&R was involved in any alleged trespass or damage to the Burris property. Both Mr. Weise and Mr. Mueller submitted declarations in support of the motion, stating Mr. Weise's involvement in the project was limited to lending Mr. Mueller a Bobcat tractor, delivering and picking up the Bobcat from the work site, and instructing Mr. Mueller on how to use the Bobcat. Mr. Weise and Mr. Mueller denied that Mr. Weise had ever entered the Burris property, or that he had played any role in the work performed on the sewer project. According to Mr. Weise, he was out of town during the time the actual work was performed. Mr. Mueller averred that, save Mr. Weise's lending of the Bobcat, no one else assisted him in any other way with the work on the project.

Mr. Burris opposed the motion for summary judgment, challenging Mr. Weise's factual summary. Included in Mr. Burris's responsive pleadings was a declaration from Leroy Vernon, who worked as Mr. Burris's property/maintenance supervisor. Mr. Vernon was present at the time of the alleged trespass and property damage. According to Mr.

Vernon, circumstantial evidence tied Mr. Weise to the scene. A summary of Mr. Vernon's declaration follows:

- He saw two males trespassing and doing damage on the Burris property.

- While the two men were present and working on the Burris property, a white pickup truck was parked nearby with a "'C&R Excavating & Demo, Inc.'" logo on the door. Clerk's Papers at 53. No one was inside the C&R truck at the time.

- Every time he went by the Burris property and saw men trespassing and doing damage, the C&R truck was parked nearby.

- Mr. Vernon took photographs of the C&R Truck. The photos included images of the men causing damage to the Burris property.

- At one point, Mr. Vernon relayed a message to the two men from Mr. Burris, instructing them to cease and desist their activities. The men became rude and confrontational. At that time, the C&R truck was parked near the Burris property.

Mr. Burris also submitted excerpts from Mr. Weise's sworn deposition testimony in which Mr. Weise stated that no one else but him would have been driving the C&R truck.

The trial court granted summary judgment to the Weises and C&R. The court determined that nothing but speculation tied Mr. Weise to the allegations of trespass and damage to the Burris property. The court later denied Mr. Burris's motion for reconsideration of the summary judgment decision.

Mr. Burris subsequently filed a motion to set aside the summary judgment order based on newly discovered evidence. The evidence in question was a declaration from Charles Petty. Mr. Petty's declaration echoed Mr. Vernon's declaration and stated that two men were involved in working simultaneously on the Burris property. In his declaration, Mr. Petty also said he had reviewed photographs of the excavation site, presumably referring to the photos taken by Mr. Vernon. Mr. Petty declared that one of the individuals depicted in the photographs appeared to be the person he had come to know as John Weise.

The trial court denied Mr. Burris's motion to set aside the summary judgment. Mr. Burris timely appeals.

ANALYSIS

Our review of a summary judgment order is de novo. *Keck v. Collins*, 181 Wn. App. 67, 78, 325 P.3d 306 (2014). All facts and reasonable inferences from the facts are to be construed in the light most favorable to the nonmoving party. *Id.* at 79. When

reviewing a summary judgment, we consider only those facts presented to the trial court prior to issuing its ruling. *Clark v. Tacoma Hous. Auth.*, 11 Wn. App. 518, 519, 523 P.2d 1200 (1974).

Taken in the light most favorable to Mr. Burris, the facts before the trial court at the time of summary judgment provided a nonspeculative basis for concluding Mr. Weise and C&R were involved in the claimed trespass and damage to the Burris property. According to Mr. Vernon, two different men were involved in working at the job site. At the time Mr. Vernon observed the two men working, the C&R truck was present with no one inside. According to Mr. Weise, he was the only person who drove the C&R truck. While this evidence is circumstantial, it is sufficient to allow a fair-minded juror to conclude Mr. Weise was one of the two men present at the work site and involved in the excavation activities.

Mr. Weise appears to argue that summary judgment was warranted because Mr. Vernon described the two men at the job site as having different heights, while Mr. Mueller claimed he and Mr. Weise were roughly the same height. We disagree that this information is sufficient to eliminate the possible inference that Mr. Weise was present at the property and involved in the excavation. A fact finder could determine Mr. Vernon's perception of the two men's heights was inaccurate, and nevertheless conclude Mr. Weise

was the second man working at the site. The possibility that Mr. Vernon could be mistaken as to any difference in height between Mr. Weise and Mr. Mueller does not mean Mr. Burris loses his right to ultimately present his case to a trier of fact.

We note the evidence before the trial court at the time of summary judgment did not include Mr. Petty's declaration and we therefore do not consider Mr. Petty's declaration in our assessment of summary judgment. In any event, Mr. Petty's declaration does not appear to add any new admissible evidence to the summary judgment analysis. Mr. Petty's claim that there were two men working at the job site is cumulative of the information supplied by Mr. Vernon. In addition, it is not apparent why Mr. Petty's opinion regarding the identity of the man in Mr. Vernon's photographs would have been admissible. Mr. Petty appears to have had limited familiarity with Mr. Weise. Under ER 701, a lay witness's identification of a person from a photograph is only admissible "if there is some basis for concluding that the witness is more likely to correctly identify the [person] from the photograph than is the jury." *State v. Hardy*, 76 Wn. App. 188, 190, 884 P.2d 8 (1994), *aff'd sub nom. State v. Clark*, 129 Wn.2d 211, 916 P.2d 384 (1996).

## APPELLATE ATTORNEY FEES AND COSTS

Both parties request attorney fees and costs on appeal. The request for fees and costs by the Weises and C&R fails as they have not prevailed on appeal. Mr. Burris has

asked for fees, but he has not provided a legal basis to award fees, except for a cursory

reference to RAP 18.1. This is not sufficient. *Wilson Court Ltd. P'ship v. Tony Maroni's,*

*Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998). We therefore decline to award

attorney fees to either party. As the prevailing party, Mr. Burris is entitled to costs under

RAP 14.2, subject to his compliance with RAP 14.4.

## CONCLUSION

The order granting summary judgment to the Weises and C&R Excavation &

Demo, Inc. is reversed. This matter is remanded for further proceedings.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____         _____
Siddoway, C.J.                          Lawrence-Berrey, J.

8