[No. 39109.    Department Two.    March 14, 1968.]

LETA KATAISTO, *Appellant,* v. JOHN DOE LOW *et al., Respondents.**

*William Merchant Peace* (of *Walthew, Warner & Keefe*), for appellant.

*Reported in 438 P.2d 623.

342

*Robert P. Piper* (of *Karr, Tuttle, Campbell, Koch & Campbell*) and *Martin Wolf* (of *Wolf, Cafferty & Wilkins*), for respondents.

PER CURIAM.—The plaintiff (appellant) appeals from a summary judgment entered in favor of the defendants (respondents).

Leta Kataisto, the plaintiff, slipped on a boardwalk and was injured while visiting her sister, Dorothia Low, early on a rainy morning. She brought this suit against Dorothia Low and her lessor, Jack Corrock, alleging negligence on the part of either or both. Dorothia Low cross-claimed against Corrock, alleging that a covenant to repair made him answerable for any negligence established by the plaintiff.

Based on interrogatories propounded to the plaintiff and on depositions taken, both defendants moved for summary judgment, which was granted.

■ The defendants contend that the judgment must be affirmed without reaching the merits because this court has no statement of facts before it on which to base a review, and it is presumed in such a case that the trial court's judgment was proper in law and fact. We agree.

The plaintiff has submitted a transcript certified by the clerk of the King County Superior Court, which contains interrogatories, depositions and affidavits; but has not filed a statement of facts certified by the trial judge, as provided for in ROA 34 and 37. Neither does the trial court's order granting the motion for summary judgment specifically identify the affidavits, the depositions, or the interrogatories. The rule applied in this situation, and the reasons for applying it, are clearly explained in *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962), at 815-16:

> In an appellate review of a summary judgment entered pursuant to Rule of Pleading, Practice and Procedure 56, RCW Vol. 0, this court can review only those matters that have been presented to the trial court for its consideration before entry of the summary judgment. The matters considered may be certified to this court by either of

two methods, or a combination of them. First, they may be incorporated in a statement of facts certified by the trial court; second, they may be identified with particularity in the summary judgment signed by the trial court and then furnished to this court by transcript certified by the clerk of court. The reason is obvious: it would be unfair to consider, on appellate review, matters not presented to the trial court for its consideration. We must have before us the precise record—no more and no less —considered by the trial court.

The judgment is affirmed.

\*Reported in 438 P.2d 617.