[No. 122-40171-2.    Division Two.    March 2, 1970.]

WILLIAM H. SINCLAIR, *Appellant,* v. ROY A. BETLACH *et al.,*
*Respondents.*

*Leslie L. Woods,* for appellant.

*Quackenbush, Dean & Smith* and *Jack R. Dean,* for respondents.

PER CURIAM.—The plaintiff appeals from a summary judgment entered in favor of the defendants and dated June 2, 1967.

The plaintiff has filed a transcript certified by the clerk of the Spokane County Superior Court, which contains a summons, complaint, notice of claim of lien, interrogatories to plaintiff (with copy of an agreement executed by and between the parties on June 20, 1966), answers to interrogatories, motion for summary judgment (with affidavit of defendant attached thereto), and plaintiff's affidavit in opposition to motion for summary judgment; but has not filed a statement of facts certified by the trial judge as provided for in CAROA 34 and 37. The trial court's order granting defendant's motion for summary judgment does not specifically identify the documents or record relied upon by the trial court to support the decision granting defendant's motion for summary judgment.

The defendant (respondent) has, however, filed a supplemental transcript, also certified by the clerk of the Spokane

County Superior Court, which contains a document dated August 25, 1967, signed by the trial court after the notice of appeal was filed, and entitled "Findings of Fact and Conclusions of Law." Defendant has filed a motion and brief to dismiss the appeal—and has renewed the motion at oral hearings, basing his motion on prior decisions of the Supreme Court. *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962); *Kataisto v. Low*, 73 Wn.2d 341, 438 P.2d 623 (1968). Plaintiff acknowledges the shortcomings within the normal rules, but contends the findings of fact signed by the trial court constitute an acceptable alternative presentation to this court of the factual basis upon which the trial court acted. We cannot agree.

In the first place, entry of findings of fact in a motion for summary judgment is superfluous. *Washington Optometric Ass'n Inc. v. County of Pierce*, 73 Wn.2d 445, 438 P.2d 861 (1968). Furthermore, they were entered long after the trial court lost jurisdiction of this cause, and therefore were a nullity. *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 423 P.2d 624 (1967). Finally, the findings merely identify, on the face of the document, two—but not all—of the documents which the clerk has certified to us in the transcript filed by the plaintiff. We are at a loss to know what was considered by the trial court in granting the motion for summary judgment. The rule in such cases has been unmistakably articulated. *Kataisto v. Low, supra.*

The appeal is dismissed.