[No. 827-3.    Division Three.    March 14, 1975.]

ROBERT TRIPLETT et al., Appellants, v. DAIRYLAND INSURANCE COMPANY et al., Respondents.

*Eugene I. Annis* and *Lee M. Barns* (of *Lukins, Annis & Bastine, P.S.*), for appellants.

*Joseph J. Rekofke* (of *Winston, Cashatt, Repsold, McNichols, Connelly & Driscoll*) and *Wayne Murray* (of *Murray, Dunham & Waitt*), for respondents.

GREEN, J.—Aleen Linklater (now Triplett), while driving a car owned by Robert and June Triplett with permission of their son, Terrill, collided with a car driven by Keith Doyle. As a result, Doyle commenced an action for damages against all of the aforementioned parties. Defense of the action was tendered to Dairyland Insurance Co., the insurer

of the Triplett car. Dairyland denied coverage, based on a policy provision excluding all drivers under 25 years of age except Terrill Triplett. Aleen was under 25 years of age at the time of the accident. Allstate Insurance Co. who insured Aleen through her parents' policy paid the resulting judgment and brought this action, joining Aleen and all the Tripletts as plaintiffs. In this action, Allstate seeks to recoup payment of the judgment from (1) Dairyland; or (2) alternatively, from the defendant Rognstad Insurance Agency for its alleged negligence in obtaining the insurance policy with an age exclusion provision. Summary judgment dismissing the action was granted on the motions of Dairyland and Rognstad.[1] Plaintiffs appeal.

Two basic questions are presented: (1) Do plaintiffs Triplett and Allstate have standing to bring this action; and, if so, (2) Do issues of fact exist?

■ With respect to the first issue, we hold that the trial court erred in ruling that Allstate did not have standing to bring this action against Dairyland. In *Safeco Ins. Co. v. Dairyland Mut. Ins. Co.*, 74 Wn.2d 669, 446 P.2d 568 (1968), Dairyland Mutual insured an automobile owned by Viola Benson. Subsequently, a nephew, Harold, was driving the Benson car with her express permission and was involved in an accident. Dairyland Mutual denied coverage upon the

---

[1] The basis for the trial court's granting of summary judgment is succinctly stated in its memorandum opinion:

"It appears that the only substantial dispute of fact is whether or not application was made in written form by plaintiffs Triplett through defendants Rognstad for a policy of insurance issued by Dairyland and whether the policy was delivered to the applicant. I do not feel that this question is material and conclude that there is only a matter of law to be determined.

"The plaintiffs Triplett are not actual parties in interest, having suffered no injury by reason of the action or failure to act by defendants. Plaintiff Allstate is the only party suffering loss and there is no connection between Allstate and defendants, this not being a situation for the application of the third-party beneficiary doctrine.

"I also feel that there is merit in the contention of defendants that delivery of the Triplett policy by Dairyland to Rognstad constituted a sufficient delivery to Tripletts. Knowledge of the terms of the policy as issued, I find, is imputed to the plaintiffs Triplett."

ground that Harold, being under 25 years of age, was excluded from coverage by the terms of the policy. When an action was commenced against Harold, his father's liability carrier, Safeco, tendered the defense to Dairyland Mutual who declined. Thereafter, Safeco and Harold brought an action against Dairyland Mutual to declare him an additional insured under the Benson policy. Dairyland Mutual moved to dismiss the action on the ground that the insurance contract in issue was between itself and Benson and, therefore, Safeco through Harold had no standing to question it. Upholding the trial court's denial of this motion, the court said, at page 671:

> Dairyland Mutual's argument assumes an answer to the very issue created by the claim. Plaintiffs allege that Harold S. Waller, Jr. is an additional insured under the Dairyland Mutual-Benson policy; Dairyland Mutual claims that he is not. That variance creates an actual, immediate and justiciable issue between them. Many rights and obligations ride on the answer to that question. If he is an additional insured, then Dairyland Mutual is his prime insurer and must defend him in the existing lawsuit. If he is not an additional insured, then Safeco alone insures, and must defend him. We think the issue of coverage and the interests dependent on an answer to the issue create a case that falls squarely within the purposes of our Declaratory Judgments Act and that the plaintiffs were entitled to be heard.

(Footnote and citations omitted.)

The precise circumstances involved in *Safeco* are involved here. Dairyland denied that Aleen was an additional insured under the Dairyland-Triplett policy and declined to defend the Doyle action. Allstate seeks to recoup payment of the judgment against Aleen from Dairyland in this action, contending that if Aleen is covered under the Dairyland policy, Dairyland is the prime insurer and Allstate the secondary insurer. *Western Pac. Ins. Co. v. Farmers Ins. Exch.*, 69 Wn.2d 11, 18, 416 P.2d 468 (1966). As in *Safeco*, Allstate has standing to litigate the issue of Aleen's coverage, if any, under the Triplett-Dairyland policy. *See Hol-*

*land America Ins. Co. v. National Indem. Co.,* 75 Wn.2d 909, 912-15, 454 P.2d 383 (1969).

■ Allstate contends the trial court erred in holding that the Tripletts are not real parties in interest and, therefore, need not participate as plaintiffs in the Allstate action. Every action must be brought in the name of the real party in interest. CR 17. In *State ex rel. Hays v. Wilson,* 17 Wn.2d 670, 672, 137 P.2d 105 (1943), the court dismissed an action, stating:

> The order dismissing the action must be affirmed in conformity to the rule that to enable one to maintain a cause of action to enforce private rights he must show that he has some real interest in the cause of action.
>
> "His interest must be a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest, and he must show that he will be benefited by the relief granted." 39 Am. Jur. 860.

Here, the Tripletts have sustained no actual damage and seek no recovery. The only real party in interest is Allstate who paid the judgment and seeks to recoup it from the defendants. Resolution of that question can be had without the Tripletts being named as parties-plaintiff in this action. *See Safeco Ins. Co. v. Dairyland Mut. Ins. Co., supra.* At most, Tripletts would be nominal parties. Thus, the trial court in its discretion properly dismissed them as parties.

Additionally, Allstate contends the trial court erred in ruling that it has no standing to bring this action against Rognstad. We disagree. In the event the court finds that Aleen is not an additional insured under the Dairyland policy, Allstate seeks recovery from Rognstad on a negligence theory.[2] The Tripletts sustained no damage; they have no cause of action against Rognstad. Thus, there is no cause of action by Tripletts, to which Aleen and hence Allstate could be subrogated, and the trial court properly dismissed Allstate's action against Rognstad.

Secondly, Allstate contends issues of material fact exist.

---

[2] If Aleen is found to be an additional insured under the Dairyland policy, Allstate's action against Rognstad becomes moot.

In light of the foregoing determinations, we agree. For example, among others, there are issues of material fact as to the precise coverage requested by the Tripletts; whether the Dairyland policy was delivered to the Tripletts; and whether the Tripletts knew or should have known of the exclusion contained in the Dairyland policy.

Finally, Dairyland contends this appeal should be dismissed because no statement of facts was filed and the order granting summary judgment did not specifically identify the items in the record upon which the court based its summary judgment. *Kataisto v. Low*, 73 Wn.2d 341, 438 P.2d 623 (1968). The order granting summary judgment as to Dairyland states:

> [A]nd the court having heard arguments of counsel and having reviewed the briefs and records on file herein and finding that there was no genuine issue of any material fact as to the defendant Dairyland Insurance Company . . .

and the order granting summary judgment in favor of Rognstad states:

> [A]fter having considered the pleadings, depositions and affidavits on file herein . . .

While these references standing alone would not meet the technical requirements of *Kataisto,* we believe that they are sufficient in light of counsel's general agreement during oral argument that the record before this court contains all items considered by the trial court. Furthermore,

> [W]e find no discernible or practical prejudice flowing to respondent, no unfairness to the trial judge, and no inconvenience to this court . . .

*King County Republican Central Comm. v. Republican State Comm.,* 79 Wn.2d 202, 208, 484 P.2d 387 (1971). Therefore, we conclude that this appeal should not be dismissed and that this court may proceed as it has, to reach a decision upon the merits.

The order granting summary judgment in favor of defendants Rognstad is affirmed; the order granting summary

judgment in favor of Dairyland Insurance Co. is reversed and remanded for proceedings in accordance with this opinion. Costs shall abide final determination of the proceedings.

McINTURFF, C.J., and MUNSON, J., concur.

MUNSON, J. (concurring)—It should be emphatically noted that the rules pertaining to appeals of summary judgments require a certified statement of facts or specific identification in the judgment itself of the matter presented to and considered by the trial court before this court can review the summary judgment. Counsel would be ill advised to rely on this case as authority for correcting the failure to comply with CAROA 34 and 37 by stipulation during oral argument. *Kataisto v. Low*, 73 Wn.2d 341, 438 P.2d 623 (1968); *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 370 P.2d 867 (1962).