[No. 46400.  En Banc.  January 10, 1980.]

CLAUDE J. LeBEUF, ET AL, *Respondents,* v. JOHN H. ATKINS, ET AL, *Appellants.*

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson,* by *Larry E. Levy* and *Edward S. Winskill,* for appellants.

*Bonjorni, Harpold & Fiori,* by *Duncan A. Bonjorni* and *Jerry Schumm,* for respondents.

STAFFORD, J.—Plaintiffs Claude and Jean LeBeuf appealed from a summary judgment dismissing their lawsuit against defendant Dr. John Atkins. The Court of Appeals reversed the trial court by less than a unanimous decision and, pursuant to RCW 2.06.030(e), we accepted review. The Court of Appeals is reversed and the trial court is directed to certify the precise evidence it considered in granting defendant's motion for summary judgment.

Plaintiffs sued defendant dentist alleging malpractice. They asserted that defendant failed to determine whether Claude LeBeuf was suffering from hypertension and/or high blood pressure at the time he was injected with Xylocaine, a drug claimed to have induced a stroke. Plaintiffs also contended that defendant knew, or should have known, of the risk involved in injecting Xylocaine into a patient

suffering from hypertension and/or high blood pressure and that he failed to inform Mr. LeBeuf of such risk. Plaintiffs further alleged that the facts fall within the doctrine of res ipsa loquitur. Finally, it is asserted that defendant was negligent in his post–operative treatment of Claude LeBeuf.

The trial court granted defendant's motion for summary judgment. On appeal, defendant asserted that the record on review is insufficient to inform a reviewing court as to what evidence the trial court considered in granting summary judgment. We agree.

In an appellate review of a summary judgment of dismissal, the reviewing court must have before it the precise record considered by the trial court. *Jacobsen v. State,* 89 Wn.2d 104, 112, 569 P.2d 1152 (1977); *American Universal Ins. Co. v. Ranson,* 59 Wn.2d 811, 816, 370 P.2d 867 (1962). That record may be certified to the reviewing court in either of two ways, or a combination thereof: first, by incorporating it in the report of proceedings; or second, by identifying it with particularity in the summary judgment. *Harris v. Kuhn,* 80 Wn.2d 630, 631–32, 497 P.2d 164 (1972); *American Universal Ins. Co. v. Ranson, supra; see Millikan v. Board of Directors,* 92 Wn.2d 213, 216, 595 P.2d 533 (1979).

In the instant case the order granting summary judgment does not identify the precise matters the trial court considered in reaching its decision. The order merely states that the court "reviewed the files and records herein . . ." Additionally, it is impossible to determine from the Report of Proceedings the extent to which the trial court considered the pleadings, depositions, interrogatories and affidavits referred to at length in the opposing briefs. It is clear, however, that all pertinent matter was not forwarded to the reviewing court. While the record contains the affidavits of two of plaintiffs' expert witnesses, David O. Moline, D.D.S., and Robert Tuby, M.D., it contains neither the depositions of the parties or of at least two of plaintiffs' doctors, nor

the medical questionnaire completed by Mr. LeBeuf before his oral surgery.

The Court of Appeals is reversed and the matter is remanded to the trial court pursuant to RAP 9.10 with directions to certify to the Court of Appeals, by supplemental certificate, the precise matters it considered in ruling on the motion for summary judgment.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, DOLLIVER, HICKS, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.

Reconsideration denied March 6, 1980.