[No. 5430–2–II.   Division Two.   February 4, 1983.]

HAROLD B. HOUSE, ET AL, *Appellants*, v. HESS FURNITURE, INC., ET AL, *Respondents*.

*Charles Brocato,* for appellants.

*Gary Branfeld,* for respondents.

PETRIE, J.—Before us are cross appeals from an order on summary judgment dismissing plaintiffs' claims for damages under all theories presented and dismissing defendants' counterclaim for malicious prosecution. We dismiss both appeals.

Because both parties have appealed from an order allegedly entered on March 6, 1981, we accept as a fact that an order was entered on that date. No such order has been presented to us as a part of the clerk's papers. *See* RAP 9.1, 9.6 and 9.7. In response to a letter request from the clerk of this court, however, counsel for appellant did forward to us an unsigned and undated document bearing Pierce County cause 296489 and entitled "Order On Defendants' Motion for Summary Judgment." That document specifies on its face the several files and records which the trial court considered in reaching its decision. Those items include five specifically identified affidavits, three of which have not been made part of the record on appeal; one motion of defendant Hess Furniture, Inc., and one motion of defendant Alice Farber, neither of which has been made part of the record on appeal; one memorandum of authorities on motion for summary judgment, which has not been made a part of the record on appeal; Pierce County cause 250603, a previous action between these parties, selected portions only of which have been made a part of the record on appeal; and the bankruptcy proceedings of Harold and Anneliese House in Bankruptcy Court for the Western District of Washington, only selected portions of which have been made a part of the record on appeal. At oral argument on appeal counsel for appellant acknowledged candidly that he did not order up all the material which the trial judge said he considered.

In order to review an order on summary judgment "[w]e must have before us the precise record—no more and no less—considered by the trial court." *American Universal Ins. Co. v. Ranson*, 59 Wn.2d 811, 816, 370 P.2d 867 (1962).

In the absence of a properly certified and complete

record appellate courts have dismissed appeals. *Kataisto v. Low,* 73 Wn.2d 341, 438 P.2d 623 (1968); *Sinclair v. Betlach,* 1 Wn. App. 1033, 467 P.2d 344 (1970). We are urged now, however, to interpret the rules on appeal liberally in order to promote justice and facilitate a decision of the case on its merits in order to best serve the ends of justice. RAP 1.2(a) and (c). *Millikan v. Board of Directors,* 92 Wn.2d 213, 595 P.2d 533 (1979); *see LeBeuf v. Atkins,* 93 Wn.2d 34, 604 P.2d 1287 (1980).

In the case at bench, however, the contending parties, both feeling aggrieved, have requested us to review an order of the Superior Court and neither party has presented to us the appropriate documents by which we can reasonably and logically review that order—assuming, of course, that it has ever been validly executed and entered by the trial court. We are not inclined in the case at bench to waive any of the rules by which we are obliged to pass upon matters before us.

Both appeals are dismissed.

WORSWICK, A.C.J., and REED, J., concur.