[No. 6378-6-II.  Division Two.  June 12, 1984.]

SIMPSON TIMBER COMPANY, *Appellant,* v. SHAUN D. SMITH, *Respondent.*

*David H. Oswald,* for appellant.

*Avelin P. Tacon III,* for respondent.

WORSWICK, J.—Is a worker who successfully defends, in superior court, a Board of Industrial Insurance Appeals decision in his favor, entitled to payment of his attorney's fees from the administrative fund of the Department of Labor and Industries pursuant to RCW 51.52.130? We hold that the worker is not so entitled, and reverse a superior court order to the contrary.

Shaun D. Smith claimed industrial insurance benefits for a lower back injury. On his appeal from an adverse departmental decision, the Board found the injury to be work related and made an award. The employer, Simpson Timber Company, appealed to the superior court which reversed the Board. Smith then appealed to this court. While the case was pending, the Supreme Court decided *Longview Fibre Co. v. Weimer,* 95 Wn.2d 583, 628 P.2d 456 (1981), settling the issue in Smith's favor. The parties then agreed to have the appeal dismissed and the case mandated to the superior court. That court reinstated the Board's decision, and went on to award Smith attorney's fees to be paid out of the administrative fund. Simpson appeals that

award.

RCW 51.52.130 provides, in relevant part:

Attorney and witness fees in court appeal. If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained by the court, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court. In fixing the fee the court shall take into consideration the fee or fees, if any, fixed by the director and the board for such attorney's services before the department and the board. If the court finds that the fee fixed by the director or by the board is inadequate for services performed before the department or board, or if the director or the board has fixed no fee for such services, then the court shall fix a fee for the attorney's services before the department, or the board, as the case may be, in addition to the fee fixed for the services in the court. If the decision and order of the board is reversed or modified and if the accident fund is affected by the litigation then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department.

It had long been settled under this statutory language that a worker who, like Smith, successfully defended a Board decision in superior court was not entitled to attorney's fees payable from the administrative fund. *Trapp v. Department of Labor & Indus.*, 48 Wn.2d 560, 295 P.2d 315 (1956); *Harbor Plywood Corp. v. Department of Labor & Indus.*, 48 Wn.2d 553, 295 P.2d 310 (1956). *Harbor Plywood* pointed out that the purpose of the statute was to provide for the *fixing* of attorney's fees for all successful claimants in order to prevent the charging of unreasonable fees, but that such fees were to be assessed against the administrative fund only when the Board was found to have erred and the accident fund was affected. *Harbor Plywood,* 48 Wn.2d at 559.

The seeds of the present dispute were planted by *John-*

*son v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 630 P.2d 441 (1981); they sprouted in *Deaconess Hosp. v. Hoye*, 30 Wn. App. 536, 635 P.2d 1095 (1981), on which the trial court obviously—and not surprisingly—relied.

In *Tradewell*, the Supreme Court, in an obvious attempt to correct a legislative oversight, characterized attorney's fees as benefits. Using this analysis, it awarded attorney's fees against a self–insured employer, notwithstanding that the statute did not provide for this as there was no accident fund that could have been affected. *Cf. Maxwell v. Department of Labor & Indus.*, 25 Wn. App. 202, 607 P.2d 310 (1980), *rev'd sub nom. Johnson v. Tradewell Stores, Inc.*, 95 Wn.2d 739, 630 P.2d 441 (1981); *Johnson v. Tradewell Stores, Inc.*, 24 Wn. App. 53, 600 P.2d 583 (1979), *aff'd*, 95 Wn.2d 739, 630 P.2d 441 (1981). In *Deaconess,* which also involved self–insurance, Division Three of this court affirmed an award of fees against a self–insured employer, but to an employee who had successfully defended a Board decision in superior court.[1] The *Deaconess* court attempted to follow what it thought to be the rationale of *Tradewell*. The *Deaconess* court did not have the benefit of *Pennsylvania Life Ins. Co. v. Department of Empl. Sec.*, 97 Wn.2d 412, 645 P.2d 693 (1982) which, we believe, demonstrates that *Deaconess* interpreted *Tradewell* too broadly. *Tradewell* could not have had the effect the *Deaconess* court thought it had without at least overruling *Harbor Plywood sub silentio.* Yet *Pennsylvania Life,* interpreting a statute similar to RCW 51.52.130, not only cited *Harbor Plywood* with approval, but quoted language from the opinion which makes the very point we referred to earlier, that the *fixing* of fees and the *awarding* of fees were each to be done only

---

[1]RCW 51.52.130 was later amended to include employees of self–insured employers, thus correcting the oversight dealt with in *Tradewell*. Laws of 1982, ch. 63, § 23, p. 358. Significantly, however, no change was made in the language requiring reversal or modification of the Board's decision as a prerequisite to an award of fees against the fund or, as to self–insureds, the employer even though this issue was brought to the attention of the courts and the Legislature 28 years ago.

in the circumstances expressly prescribed by the statute.

In sum, *Pennsylvania Life* reiterates the fundamental proposition on which *Trapp* and *Harbor Plywood* were based: a party is not entitled to an *award* of attorney's fees under a statute such as RCW 51.52.130 unless the *award*—not merely the *fixing*—of fees is specifically provided for in the statute. That proposition governs this case.

Reversed.

PETRICH, C.J., and REED, J., concur.