[No. 6465–1–II.   Division Two.   January 8, 1985.]

MARK E. SIEGRIST, *Respondent,* v. SIMPSON TIMBER COMPANY, *Appellant.*

*David H. Oswald,* for appellant.

*Richard Blumberg,* for respondent.

PETRICH, J.—The Board of Industrial Insurance Appeals order denying benefits to Mark Siegrist because of lack of proof of an industrial injury was reversed by the trial court's judgment based on a jury verdict. Simpson Timber Company, the self–insured employer under the workers' compensation act, appeals assigning error not to the sufficiency of the evidence or to the court's instructions but solely to the trial court's denial of its motion to dismiss the appeal of the Board's order. Simpson contends that a prior award to Siegrist by the Department of Labor and Industries for an aggravation of an earlier industrial injury on the same date of the alleged injury at Simpson, and acceptance of benefits by Siegrist, precludes recovery on the grounds of res judicata, collateral estoppel and election of remedies.

Because of failure by Simpson to supply an appropriate record establishing the facts relied on by the trial court in denying Simpson's motion to dismiss, we affirm.

Siegrist claimed that he slipped on a log and injured his lower back on July 19, 1977 while in the employ of Simpson. The sole evidence of this incident was Siegrist's testimony. He did not report to work the following day due to lower back discomfort. He continued working for the next 6 weeks or so with an occasional day off. On August 30, while placing oil in his car, he experienced a snap in his back and could not straighten up. He received medical attention and the following month filed an accident report with the Department claiming his condition arose from the accident of July 19, 1977. After a rejection of the claim by the Department, Siegrist filed an appeal with the Board. A

proposed decision and order was filed sustaining the Department's denial of benefits which ultimately became the final order of the Board on May 31, 1979.

According to Simpson's brief on appeal it appears that between the date of the proposed decision and order and the date when that decision and order was adopted as the Board's final order, Siegrist filed with the Department an application to reopen a claim for a previous industrial injury,[1] suffered while in the employ of Cedergreen Logging Company. His application for aggravation was based on the contention that his condition worsened as of July 19, 1977, the same date as the incident in his claim against Simpson. Eventually the Department issued an order allowing medical treatment and a time loss award for aggravation of his earlier industrial injury suffered as an employee of Cedergreen Logging Company.

Siegrist's appeal from the Board's denial of benefits resulted in the favorable verdict and judgment now up for review.[2] Simpson argues that a particular incident to an employee with a prior industrial injury, which affects the same area of the body, must be either a new injury or an aggravation of the previous injury, but not both. Thus, it argues that the Department's determination that Siegrist's condition was an aggravation of the previous industrial injury and Siegrist's acceptance of benefits of that award bars the claim against Simpson on principles of res judicata, collateral estoppel and acceptance of benefits. Siegrist, on the other hand, seems to argue that an aggravation and a new injury arising out of the same incident and affecting the same bodily function are not mutually exclusive, and a claimant is entitled to pursue both claims as long as the

---

[1]There is some question whether the earlier claim had ever been closed and there is some confusion whether this application was one for aggravation or merely for benefits for the earlier injury.

[2]Even though the number of days of lost employment may be the same under either claim, the benefits would be greater under the Simpson claim because of a higher wage scale.

benefits he receives do not exceed the maximum allowable under the claim paying higher benefits; that res judicata and collateral estoppel do not bar Siegrist's claim against Simpson since the Department's award for the earlier claim did not obviate the possibility that a new injury occurred; and that a decision to accept benefits of the earlier claim is not repugnant or inconsistent with his claim against Simpson.

The status of the record on appeal precludes our consideration of these intriguing issues. The practice in civil cases applies to appeals from the Board. RCW 51.52-.140. It is not clear from this record whether Simpson's motion to dismiss the appeal was made before or after the case was submitted to the jury. In any event, by this motion Simpson attempts to raise a defense barring the present claim. The motion is in the nature of a motion for a dismissal for failure to state a claim upon which relief can be granted, CR 12(b)(6), or else a motion for a judgment on the pleadings, CR 12(c). When such motions are supplemented by matters outside the pleadings they are treated as motions for summary judgment. *Highline Sch. Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 15, 548 P.2d 1085 (1976); *In re Estate of Winslow,* 30 Wn. App. 575, 579, 636 P.2d 505 (1981). The Board's record subject to review consists of the "notice of appeal and other pleadings, testimony and exhibits, and the board's decision and order, . . ." RCW 51.52.110. The record from the Board makes no reference to the aggravation claim referred to in Simpson's brief. Simpson's motion required that additional facts and circumstances be considered. We hold that in such circumstances the motion must be treated as a motion for summary judgment.

When reviewing a summary judgment, this court must have before it the precise record that was before the trial court when it ruled on the motion. *LeBeuf v. Atkins,* 93 Wn.2d 34, 36, 604 P.2d 1287 (1980); *Harris v. Kuhn,* 80 Wn.2d 630, 631, 497 P.2d 164 (1972). The record considered by the trial court may be identified in the order granting or

denying the motion or it may be identified in a certification by the trial court. *LeBeuf v. Atkins, supra.* From the record on appeal we are unable to determine precisely what the trial court considered. The order denying the motion is silent as to what the trial court considered and a certification is lacking.

Inasmuch as Simpson has failed to supply us with a record of what the court considered, we are unable to determine whether the trial court committed error, *Harris v. Kuhn, supra,* and the judgment must be affirmed.

Siegrist seeks an award for attorney's fees against Simpson in this appeal from superior court. The award of attorney's fees is governed by RCW 51.52.130. Among other things the statute provides for the fixing of attorney's fees for all successful claimants in order to prevent the charging of unreasonable fees and also awards fees in certain limited cases. *Simpson Timber Co. v. Smith,* 37 Wn. App. 796, 682 P.2d 969 (1984).

The award of attorney's fees on appeal from the superior court to the Supreme Court was denied in *O'Brien v. Industrial Ins. Dep't,* 100 Wash. 674, 681, 171 P. 1018 (1918). Although the statute has since been amended in many respects, the provisions for the award of such fees are essentially the same. Why the successful claimant should not be awarded attorney's fees on the appeal from superior court is far from clear. Nevertheless, the arguments supporting the award of fees in such cases must be directed to the Legislature.

Judgment is affirmed and the matter remanded for the purpose of fixing attorney's fees for the appeal but such fees are not to be assessed against Simpson.

WORSWICK, C.J., and PETRIE, J., concur.

Reconsideration denied February 7, 1985.

Review denied by Supreme Court May 23, 1985.