[No. 6546–4–III.   Division Three.   October 24, 1985.]

PAUL E. ZIEGLER, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*

40

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* for appellant.

*David M. Grant,* for respondent.

THOMPSON, J.—The Department of Labor and Industries appeals a holding that the Department is not entitled to reimbursement for costs of medical examinations it scheduled for Mr. Ziegler. We affirm.

On March 16, 1979, Paul Ziegler, a truck driver, sustained industrial injuries in an auto accident involving a third party. Because of the nature of the third party's violent death, Mr. Ziegler also developed a psychological condition labeled posttraumatic stress syndrome. The Department informed Mr. Ziegler that he could elect to seek recovery from the estate of the third party or assign his rights to the Department. He was informed that in either case he was entitled to receive benefits under the Industrial Insurance Act, RCW Title 51, but that the

Department would have a lien on any recovery or settlement for benefits paid to him or in his behalf by the Department.

The Department authorized medical treatment by Mr. Ziegler's attending physician, Dr. Roland Carlill, a general practitioner. Mr. Ziegler was also referred to a psychiatrist, Dr. James Kilgore, who diagnosed an anxiety neurosis and requested and obtained Department authorization for psychotherapy in July 1979. On October 11, 1979, Dr. Carlill advised the Department that although the physical injuries were resolved, further psychiatric treatment was recommended.

Between May 1980 and August 1981, the Department required Mr. Ziegler to undergo at least four additional examinations, two of which were conducted by its own panel of medical specialists. The individual examiners and panels concurred with the diagnoses of the treating physician and psychiatrist, recommended physical therapy and continued psychotherapy for extendable 6–month periods, and determined Mr. Ziegler was eligible for certain permanent partial disability benefits.

In September 1981, a settlement was reached between Mr. Ziegler and the estate of the third party. Shortly thereafter, the Department claimed a lien for $9,740.66, including $1,755.22 costs and expenditures for the ordered evaluations. On stipulated facts, the Superior Court ruled the costs of the examinations were not benefits paid as contemplated by RCW 51.24.060.

RCW 51.24.060 provides in relevant part:

(1) If the injured worker or beneficiary elects to seek damages from the third person, any recovery made shall be distributed as follows:

. . .

(c) The department and/or self–insurer shall be paid the balance of the recovery made, but only to the extent necessary to reimburse the department and/or self–insurer for *compensation and benefits paid*;

. . .

(2) The recovery made shall be subject to a lien by the

department and/or self–insurer for its share under this section.

(Italics ours.) The dispositive issue is whether the costs of the RCW 51.36.070[1] ordered medical examinations are reimbursable to the Department as "compensation and benefits paid". We agree with the trial court that these costs are not reimbursable.

The parties do not dispute the wide discretion granted the director in ordering examinations under RCW 51.36.070, but the reason for requesting these examinations arguably differs from the purpose of providing the injured worker with proper and necessary medical and surgical services.[2] *See Buell v. Aetna Cas. & Sur. Co.,* 14 Wn. App. 742, 746–47, 544 P.2d 759 (1976). RCW 51.36.070 medical examinations are scheduled in order to resolve medical issues and not to provide treatment. It is a cost that ordinarily would not be incurred by a worker if it were not for the fact the Department has a duty to properly administer the funds. *See Alcina v. Days Inn of Am., Inc.,* 430 So. 2d 775 (La. Ct. App. 1983); *IGA Food Fair v. Martin,* 584 P.2d 828 (Utah 1978).

The Department argues and the trial court agreed the worker did receive some benefit from the ordered medical examinations. However, again, the principal reason for the

---

[1] RCW 51.36.070:

"Medical examination—Reports—Costs. Whenever the director or the self–insurer deems it necessary in order to resolve any medical issue, a worker shall submit to examination by a physician or physicians selected by the director, with the rendition of a report to the person ordering the examination. The director, in his or her discretion, may charge the costs of such examination or examinations to the self–insurer or to the medical aid fund as the case may be. The cost of said examination shall include payment to the worker of reasonable expenses connected therewith."

[2] RCW 51.36.010 provides in part:

"Upon the occurrence of any injury to a worker entitled to compensation under the provisions of this title, he or she shall receive proper and necessary medical and surgical services at the hands of a physician of his or her own choice, if conveniently located, and proper and necessary hospital care and services during the period of his or her disability from such injury, but the same shall be limited in point of duration as follows:"

examination is to allow the Department to properly administer the program and any benefit to Mr. Ziegler was incidental to that purpose. The word benefits as used in RCW 51.24.060 refers to costs incurred for "proper and necessary medical and surgical services" authorized the worker under RCW 51.36.010. *Buell*, at 746. The medical examinations do not fit within that description. Moreover, it should be noted RCW 51.36.070 authorizes the director when ordering such examinations to charge the cost to a self-insurer or the medical aid fund. We find the costs of the ordered examinations were administrative expenses, not benefits.

Since we have affirmed the trial court's decision as noted above, we do not reach Mr. Ziegler's issue on cross appeal regarding an accord and satisfaction.

Finally, we consider whether the trial court erred in disallowing attorney fees and costs to Mr. Ziegler. RCW 51.52.130 provides in relevant part:

> If, on appeal to the court from the decision and order of the board, said decision and order is reversed or modified and additional relief is granted to a worker or beneficiary, or in cases where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained by the court, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed by the court. In fixing the fee the court shall take into consideration the fee or fees, if any, fixed by the director and the board for such attorney's services before the department and the board. If the court finds that the fee fixed by the director or by the board is inadequate for services performed before the department or board, or if the director or the board has fixed no fee for such services, then the court shall fix a fee for the attorney's services before the department, or the board, as the case may be, in addition to the fee fixed for the services in the court. If the decision and order of the board is reversed or modified *and if the accident fund is affected* by the litigation then the attorney's fee fixed by the court for services before the court only, and the fees of medical and other witnesses and the costs shall be payable out of the administrative fund of the department.

(Italics ours.) Mr. Ziegler contends the statute mandates automatic payment to a prevailing employee and the restrictive language means only that payment is to come from a particular source—the administrative fund—when the accident fund is affected.

RCW 51.52.130 provides for the fixing of attorney fees for all successful claimants in order to prevent the charging of unreasonable fees. *Spring v. Department of Labor & Indus.*, 39 Wn. App. 751, 757, 695 P.2d 612 (1985); *Siegrist v. Simpson Timber Co.*, 39 Wn. App. 500, 504, 694 P.2d 1110 (1985); *Simpson Timber Co. v. Smith*, 37 Wn. App. 796, 798–800, 682 P.2d 969 (1984). Such fees are to be assessed, however, only when the Board is found to have erred and where the accident fund is affected. *Pennsylvania Life Ins. Co. v. Department of Empl. Sec.*, 97 Wn.2d 412, 415–17, 645 P.2d 693 (1982) (citing *Boeing Aircraft Co. v. Department of Labor & Indus.*, 26 Wn.2d 51, 173 P.2d 164 (1946), interpreting Rem. Rev. Stat. § 7697 (Supp. 1943)); *Harbor Plywood Corp. v. Department of Labor & Indus.*, 48 Wn.2d 553, 295 P.2d 310 (1956); *Spring*, at 757; *Siegrist*, at 504; *Simpson Timber Co. v. Smith*, *supra* at 798. Contrary to Mr. Ziegler's contention, the statute provides payment is to be allowed only if the accident fund is affected and if allowable, the payment shall be made from the administrative fund. Since no proof was produced or finding made that the accident fund was affected, the trial court was correct in denying attorney fees and costs.

The trial court is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Review denied by Supreme Court January 22, 1986.